No. 64.—AMORY SIBLEY, plaintiff in error, *vs.* CHARLES A. BEARD, defendant.

[1.] If the recovery in a suit, will itself be the cause of an action in favor of the defendant against the plaintiff, that fact will be a good defence to the first suit. Because the Courts will avoid circuity of action.

[2.] If a company composed of A, B, and C, sell personal property, with an implied warranty, to a company composed of D, E, and F; and D, without a title from D, E and F, or from any one claiming under them, sells the same

property to A, and A is dispossessed upon the title of a third person, and sues D, on an implied warranty; if A had knowledge of the defect of the title at the time he bought from D, there is no implied warranty from D to A, and the action cannot be sustained. And if, in such a case, there is an implied warranty, it may be avoided for fraud, in A's suppressing, at the time of the sale, the material fact within his knowledge, that the title was not good.

Assumpsit on implied warranty, in Court of Common Pleas, Augusta. Certiorari to Superior Court, decided by Judge HOLT, September Term, 1848.

A. Sibley sold and conveyed to C. A. Beard, a certain house standing on the east side of the alley, leading from Broad street to the Eagle and Phœnix Hotel stable, and gave him a receipt for the money. Beard was dispossessed, and brought suit upon the implied warranty of title.

The defence set up was, that Lewis Lovell, Robert D. Glenn, and Charles A. Beard, had previously sold and conveyed the same house to the "Eagle & Phœnix company," which consisted of Amory Sibley, William Fuller, and George Magruder, trustee, and that whatever defects there were in the title, were known to Beard, when he purchased.

The defence being overruled by the Court of Common Pleas, and by the Judge of the Superior Court on certiorari, Sibley excepted.

1st. Because plaintiff could not recover for any defect of title, because the same title had been previously warranted by the said plaintiff and others, to the defendant and others.

2d. Because the plaintiff, a previous vendor of the same property, was privy to the defendant's title, and took the same with full knowledge of its defects, and could not, therefore, recover on an implied warranty.

It did not appear from the record how the title passed from the "Eagle and Phœnix Hotel," to A. Sibley.

GOULD, for plaintiff in error.

MILLER, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

We think that there was no error in the decision of the Court below, on the first ground taken in the assignment.

[1.] If A sells property to B, with warranty of title, and B sells the same property to A, with warranty of title, and A is deprived of it by legal process, upon a title in a third person, he cannot maintain an action against B, for the breach of his warranty, because, if he recovers of B, he would be entitled to turn round and sue A, for a breach of his prior warranty. The Courts will avoid circuity of action. It may be stated as a well settled principle, that if the recovery in a suit will be itself the occasion of another suit, with right of recovery, in favor of the defendant against the plaintiff, that fact will be a good defence to the first action. The law will not patronize litigation—it even abhors a multiplicity of suits. For example, no action can be maintained on a note, against a person who became a party to it subsequently to the holder or plaintiff, for if it were otherwise, the defendant in such action, might, as an indorsee, deriving title from the plaintiff, be entitled to recover back again, in another action against the plaintiff, the identical sum which he, the plaintiff, had previously recovered from him. *Chitty on Bills*, 537. *Bishop vs. Hayward*, 4 *T. R.* 470. 2 *B. & P.* 125. 2 *B. & C.* 483. 3 *Dowl. & Ryl.* 650. Again, a creditor, who agrees with his debtor, that he never will sue him for the debt, cannot sue for the debt. The agreement may be plead and will operate as a discharge, because, if the creditor recovers the amount of the debt, the debtor would be entitled to turn round and sue him and recover the same amount, as damages for the breach of the contract. *Chambers vs. McDowell*, 4 *Geo. Rep.* 192, *and authorities there cited.*

So also, if A sells property to B, and B to C, and C back to A, all with warranty, and A is dispossessed by D, upon a title paramount, A cannot maintain an action against C, for a breach of his warranty, because the parties being all in privity, the liability would come round upon A.

[2.] But can this principle be applied to this case ? It cannot, for the facts, as they appear upon the record, will not permit it. Here is a sale of a house by a company, of which the defendant in error, Beard, was a member, to a company called the Eagle and Phœnix Hotel, of which the plaintiff in error, Sibley, was a member, with implied warranty of title. Sibley sells the same property to Beard, with implied warranty, as the defendant in error insists, of the title. Beard is evicted, and brings his action against Sibley for a breach of his warranty. Now, can there be

in this case, any circuity of action? If the Eagle and Phœnix Hotel had sold the property back to Beard, there would be. In that event, Beard and his company having sold to the Eagle and Phœnix Hotel, and warranted the title to them, would be liable with his company to them, upon that warranty, so soon as he recovers upon their warranty to him. His recovery would constitute their right of action against him, (and not the less against him, be it remarked, because jointly liable with others,) and thus the circuity would be established and the principle would apply. But that is not this case. If the Eagle and Phœnix Hotel had sold the property with a warranty of title to Sibley, and he back again to Beard, the principle would be applicable. But it does not appear from the record, how Sibley became possessed of the house—it does not appear that he is a purchaser from his own company, the Eagle and Phœnix Hotel, nor from any one who claims under them. There is, therefore, no privity between Sibley and the Eagle and Phœnix Hotel, and none between him and Beard and his company, on the first sale. There being no privity there can be no circuity of action. For if Beard's suit should proceed against Sibley to a recovery, would that recovery entitle either him, or the Eagle and Phœnix Hotel to proceed against Beard and his company, for a breach of their warranty on the first sale? I apprehend not. Sibley may or may not be a purchaser from the Eagle and Phœnix Hotel, or from some one claiming under them. It does not appear that he is, and what does not appear to us on the record, we cannot, in this case, presume to be. Nor does it alter the case, that he is one of the persons which constitute the Eagle and Phœnix Hotel company. The sale to a company of which he is a member, vests no title in him individually, and a warranty to that company, does not entitle him to sue for a breach of it individually. For the want of privity, therefore, there could be in the case which the record makes, no circuity, and the ground of error first taken, cannot be sustained.

We sustain the second ground of error. Beard being a prior vendor of the property, with an implied warranty of the title, is presumed to be cognisant of the defect in the title. The law makes him liable to his vendees upon that warranty, whether he knew of the defect in the title or not. The evidence, however, goes far to charge him with this knowledge. In this case, we

think it safe to hold, that knowledge of the insufficiency of the title must be brought home to him, and that whether he knew it or not, is a question of fact to be submitted to the jury. If, then, he bought from Sibley, with such knowledge, we hold, that upon the sale to him, the law will not imply a warranty from Sibley of the title, and his action cannot be sustained. Upon a sale of personal property, the vendor is not liable to the purchaser, for defects in the *quality* of the property visible to, and therefore, presumed to be equally within the knowledge of both parties. The rule in such case is, " *caveat emptor.*" He is not liable for such defects, even upon an express general warranty. 7 *Bing.* 605. 3 *Blackstone,* 166. *Broom's Legal Maxims,* 227, 228. *Smith's Law of Contracts,* 355. *Chitty on Contracts,* 455. 1 *Salk.* 211. 5 *Rawls R.* 5. 2 *Kent's Com.* 478.

Now, we see no reason, in principle or in policy, why this rule should not apply to the title as well as to the quality of property. The purchaser, Beard, if he knew the title of the property to be bad, takes it at his own risk. Wherein does the case differ from what it would have been, if Sibley, the vendor, himself cognisant of the imperfection of the title, had at the sale, notified Beard of it, and expressly sold to him at his risk? In that event, of course, there would be no warranty.

Again, if there was in this case an implied contract of warranty, and if in fact, a defect in the title was, at the time of the sale, within the knowledge of Beard, that contract may be avoided upon the ground of fraud. It is familiarly understood that fraud vitiates all contracts, and that fraud is within the cognisance of a Court of Law, as well as of Equity. In the case of a vendor, the suppression of a material fact upon a sale, will avoid the contract. The rule is, that the concealment or misrepresentation, whether by principal or agent, by design or mistake of a material fact, however innocently made, avoids the contract on the ground of a legal fraud. But if the concealment or misrepresentation be not innocently made—then it is a fraud in fact as well as in law. See *Tapp vs. Lee,* 3 *B. & P.* 371. *Cowp.* 785. 3 *Burrow,* 1905. 11 *M. & W.* 415. *Broom's Legal Maxims,* 363, S. P.

If there be bad faith in a contract, it may be shown. Apply this doctrine to this case. Sibley, ignorant of any defect in the title of the property, affirming it be his, sells it to Beard. Upon such a sale, the law, as a general proposition, creates a contract

of warranty of title.    Beard, the purchaser, knows that the title he is buying is bad, but makes no revelation of the fact—suppresses the fact, which, if revealed at the time, would either have prevented or modified the terms and conditions of the sale, and thereby, the liability of Sibley.    Can he be permitted to take advantage, by a recovery against Sibley upon the warranty which the law implies, of his fraudulent suppression of a material fact, within his knowledge?    He certainly cannot.    It is, therefore, manifestly proper, that this cause go back, and that the Court below permit an inquiry before the jury, into the facts, in accordance with the rules of law herein laid down.